STATE *vs.* JOHN JOSEPH SULLIVAN.

FEBRUARY 28, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

2

BAKER, J. This is an indictment charging the defendant with robbery. In the superior court a jury returned a verdict of guilty and thereafter the trial justice denied the defendant's motion for a new trial. Thereupon he duly prosecuted a bill of exceptions to this court.

The question here is a narrow one. The defendant's above motion was filed on the usual grounds and included a claim of newly discovered evidence. He is now pressing only his exception to the refusal of the trial justice to grant such motion, particularly as based on the above-mentioned ground. His other exceptions are therefore considered to be waived. The defendant denied committing the crime with which he was charged and attempted by way of defense to prove an alibi, contending that he was in New York City at the time the alleged offense took place. However, the victim of such crime definitely identified defendant as the man who robbed him about 9:30 p.m. on January 5, 1953 in the city of Providence.

The ground of newly discovered evidence is supported only by the affidavit of the assistant public defender. No other person makes any affidavit in that connection. Attached to the affidavit is a copy of a letter dated June 26, 1953 from the Pennsylvania Greyhound Lines in New York City and an original letter from the Greyhound Terminal of Boston, Inc., dated June 29, 1953, replying to the assistant public defender's letter of June 25, 1953. These letters have to do with the time a round-trip bus ticket between New York and Providence bearing a certain number was purchased in New York. When the defendant was arrested in Providence on the morning of January 6, 1953 the return portion of the above ticket was found by the police in his possession and was taken from him and retained by them. It was placed in evidence for identification by defendant June 22, 1953 soon after the trial in the superior court opened and it was finally introduced by defendant as an exhibit the following day near the end of the trial.

The portion of the ticket in question was stamped January 5, 1953 indicating the date it was sold by the bus company. There was testimony that the ticket could have been sold any time after 12:01 a.m. on that day. It was defendant's contention, however, that he bought the ticket in New York around 11 p.m. on January 5 and took a bus for Providence about 1 a.m. on January 6, 1953, reaching his destination at approximately 7:20 o'clock that morning. There was testimony by defendant, who admitted he was an alcoholic, that he had been drinking in New York January 5, 1953, and that in the afternoon of that day he decided to take a trip.

The letter from the Pennsylvania Greyhound Lines, an alleged copy of which is attached to the affidavit of defendant's attorney in connection with the motion for a new trial because of newly discovered evidence, contains in substance an unsworn statement that a ticket showing on the return portion thereof the number in question was sold in New York January 5, 1953 by a ticket agent who started his regular tour of duty about 4:30 p.m. on that day. It is argued that if this were so it apparently would not be in time, assuming all other facts testified to by defendant to be true, to permit him to board a bus which would reach Providence by 9:30 p.m.

This court has had occasion at various times to consider and set out the principles of law which govern the use of newly discovered evidence, so called, as a basis for obtaining a new trial of a case in the superior court. Speaking generally, one of those principles is that such evidence must be truly newly discovered since the trial and not discoverable prior thereto by ordinary diligence. In *Walker* v. *Ursillo,* R. I., 166 Atl. 357, this court stated: "To obtain a new trial by reason of evidence newly discovered, it must be shown that by the exercise of ordinary diligence the evidence could not have been discovered in time to be presented at the trial." See also *State* v. *De Cesare,* 64 R. I.

123, *Silva* v. *Peerless Casualty Co.*, 53 R. I. 218, and *State* v. *Miller*, R. I., 142 Atl. 662.

In the instant case the affidavit filed as a basis for newly discovered evidence is generally vague, indefinite and unsatisfactory. It sets out merely that the affiant, defendant's attorney, did not know the number of the return trip ticket because the Providence police had taken the ticket from defendant, and it was not until the trial of the case that it was disclosed to affiant for the first time. In our opinion that affidavit is clearly insufficient under the law laid down by this court to support defendant's claim of newly discovered evidence. See *Eckstein* v. *Caldwell*, 61 R. I. 142, and *Atlas Sheet Metal Works, Inc.* v. *Campbell*, 48 R. I. 160.

There is nothing which indicates that defendant himself did not have full knowledge of the return portion of the ticket, if it was the one he purchased, from the time it was taken from him on January 6, 1953 up to June 22, 1953 when his trial opened. However, he apparently made no attempt to have the facts regarding the ticket investigated as an aid to the alibi which he was attempting to set up. Further his attorney in his affidavit does not claim that he made any inquiry from the bus company, that he was refused access to the ticket stub, or in fact that he made any demand on the police between the dates above set out that he be allowed to see or examine it.

It is our judgment that on the whole record before us ordinary diligence was not shown by the defendant and his attorney in this connection and that the evidence now sought to be presented concerning such ticket stub cannot properly be considered to be newly discovered within the accepted definition of that term. In the circumstances the trial justice ruled correctly in denying the defendant's motion for a new trial on the ground under consideration.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers,* Atty. Gen., *Alfred E. Motta,* Special Counsel, for State.

*Aram A. Arabian,* Public Defender, *John DiLibero,* Ass't Public Defender, for defendant.